**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

YOHAN SEBASTIAN MORALES
GUZMAN,

                    Petitioner,

                    v.

TODD BLANCHE, *et al.*,

                    Respondents.

Case No. 2:26-cv-08184 (BRM)

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Petitioner Yohan Sebastian Morales Guzman's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed an answer (ECF No. 5), and Petitioner replied (ECF No. 6).[1]

Petitioner, a citizen of Colombia, entered the United States in 2023, on a B-2 nonimmigration "Visitor for Pleasure" visa with authorization to remain in the United States for a temporary period not to exceed December 2, 2024. (ECF No. 1 at 2; ECF No. 5-1 at 1.) Petitioner remained in the country beyond the time authorized by his visitor visa. (ECF No. 5 at 2; ECF No. 5-1 at 1.)

On June 28, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (ECF No. 1 at 2.) Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 2.)

---

[1] In his reply, Petitioner submits "this Court has not specified a date by which to submit a reply, we believe our reply to be timely." (ECF No. 6 at 1.) The Court notes that in its Order to Answer, the Court specifically ordered that Petitioner "may file and serve a reply in support of the Petition within three (3) days after the answer is filed." (ECF No. 3 at 3.) Although Petitioner's reply is untimely, the Court accepts it for filing.

1

On July 4, 2026, Petitioner filed the Petition arguing his unlawful detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 5.) Petitioner replied. (ECF No. 6.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues his detention is unlawful and violates his due process rights and is arbitrary and capricious. (*See* ECF No. 1 at 9–11.) Petitioner argues a motion for bond "will be futile because of the endemic lack of due process that currently exists in the immigration court." (*Id.* at 3.) Petitioner seeks to have the Court find Respondents have detained him without an individualized bond determination and to immediately release him. (*Id.* at 3–4.)

In his Petition, Petitioner submitted he was preparing a motion for a bond hearing. (ECF No. 1 at 3.) However, in their answer, Respondents submit Petitioner has not filed a motion for a bond hearing. (ECF No. 5 at 1.) In his reply, Petitioner does not dispute he filed this Petition prior to filing a motion for a bond hearing and has still failed to file said motion. (ECF No. 6.)

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal.

2

*See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character." (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896))). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. U.S. of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a noncitizen, the noncitizen may request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g.*, *Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (noncitizen detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Respondents submit and Petitioner does not dispute that he has not requested a bond hearing before an immigration judge. Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, Civ. A. No. 17-34559, 2017 WL 6513345, at *3 (D.N.J. Dec. 15, 2017) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'" (quoting *Nepomuceno v. Holder*,

Civ. A. No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012))). Therefore, to the extent Petitioner argues his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

The Court finds that it would not be futile to require exhaustion. Courts within the Third Circuit "have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeal's decision" in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Duque v. Soto*, Civ. A. No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, Civ. A. No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.").

"In a fundamentally fair bond hearing, due process has three essential elements." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)). This Court cannot say that the immigration courts are categorically unable to provide Petitioner with a fundamentally fair bond hearing on the present record.

Because Petitioner has not requested a bond hearing, his request for release in the Petition is unexhausted and must be dismissed as such. *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003)

4

(noting detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

Accordingly, and for good cause appearing,

**IT IS** on this 27th day of July 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**